IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA, INC., a Florida corporation, SOUTHERN WINE & SPIRITS OF NEBRASKA, INC., a Florida Corporation, HARVEY R. CHAPLIN, WAYNE E. CHAPLIN, and STEVEN R. BECKER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:07CV3244 |
| V. | ) ) | |
| | ) | MEMORANDUM |
| DAVID HEINEMAN, in his official capacity as Governor of the State of Nebraska, JON BRUNING, in his official capacity as Attorney General of the State of Nebraska, NEBRASKA LIQUOR CONTROL COMMISSION, ROBERT LOGSDON, PAT THOMAS and RHONDA FLOWER, in their official capacities as members of the NEBRASKA LIQUOR CONTROL COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the plaintiffs' motion for a temporary restraining order, after a hearing at which evidence was received and oral arguments were presented. The matter was well-argued by both sides.

At issue is a liquor license law. In essence, the plaintiffs contend that the Nebraska legislature passed "special legislation" that disadvantages the out-of-state plaintiffs in favor of Nebraska domiciled license holders. *See* Neb. Rev. Stat. § 53-

169.01 (2007), as amended by L.B. 578 § 3 (May 24, 2007).[1] Some of the defendants have threatened to take away a license held by one of the plaintiffs because of the terms of L.B. 578 § 3.

Among other things, the plaintiffs assert that the new law violates the Commerce Clause and the Equal Protection Clause of the federal constitution. It is undisputed that Nebraska domiciled companies, holding very large market shares, have been "grandfathered" from the reach of L.B. 578 § 3. Although it is too early to tell definitively, the law does not pass an initial "smell test."

In Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court, sitting en banc, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998). At base,

> the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .

---

[1] The amendment is available at Westlaw NE LEGIS 578 (2007).

> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

Dataphase, 640 F.2d at 113.

I believe that the Dataphase case must be applied to temporary restraining order situations. That said, and emphasizing that my mind may be changed by a full record and briefing, I find and conclude that the factors set forth in Dataphase tip in favor of the plaintiffs to a degree sufficient to warrant issuance of a temporary restraining order. Moreover, given that the status quo will be maintained by this temporary restraining order, and that the interests of the defendants will not be harmed in any way by issuance of this temporary order, I find that no bond or surety need be posted at this time. Therefore,

    IT IS ORDERED that:

    1.    Pursuant to Fed. R. Civ. P. 65(b), the defendants, and each of them, together with their servants, agents and employees, in both their official and individual capacities, are herewith restrained and prohibited from enforcing Neb. Rev. Stat. § 53-169.01 (2007), as amended by L.B. 578 § 3, against the plaintiffs. In particular, the defendants are restrained from conducting the "show cause" hearing currently scheduled for October 19, 2007. To that extent, the plaintiffs' motion for temporary restraining order (filing 9) is granted.

    2.    Pursuant to Fed. R. Civ. P. 65(c) and (d), no bond or surety need be posted. Defense counsel shall provide notice of this temporary restraining order to all affected persons or parties.

3.  After consultation with defendants' counsel, plaintiffs' counsel shall contact the judicial assistant for the undersigned United States District Judge to schedule a telephone conference call between counsel for the parties and the undersigned United States District Judge, during which the parties shall be prepared to schedule a hearing on plaintiffs' request for a preliminary injunction and to address whether the hearing and trial on the merits shall be consolidated pursuant to Fed. R. Civ. P. 65(a)(2).

4.  Unless extended by further order of the court, or by stipulation of the parties, this temporary restraining order shall expire at the end of ten (10) days following its entry.

DATED this day of 16th day of October, 2007, at approximately 1:25 P.M. at Lincoln, Nebraska.

BY THE COURT:

*s/ Richard G. Kopf*
United States District Judge